UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**BRIAN KEITH MOORE**                                                    **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 3:23CV-P670-JHM**

**COOKIE CREWS** *et al.*                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Brian Keith Moore filed the instant *pro se* prisoner 42 U.S.C. § 1983 action.  The amended complaint (DN 10)[1] is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the Court will allow some of the claims to proceed, dismiss other claims, and give Plaintiff an opportunity to file a second amended complaint.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is a convicted inmate at Kentucky State Reformatory (KSR).  In the caption of the amended complaint, he lists Defendants as "Cookie Crews et al."  In the "Defendants" section of the complaint form, he lists Cookie Crews, the Commissioner of the Kentucky Department of Corrections (KDOC); as well as the following persons employed at KSR:  Warden Anna Valentine, Dr. Jessica Fortwengler, Nurse Practitioner Christina Lyons, Assistant Medical Administrator Danielle Snawder, Adjustment Officer Steve Howard, Unit Administrator Jamie Huff, Nurse Practitioner Randall Tingle, and Nurses Kim Bales, Tammy Mills, Lonnie Adams, Regina Harper, Kansas Robinson, and Marcy Powell.  He sues all Defendants in their individual and official capacities.  Although only Defendant Crews is listed in the caption, the Court construes the amended complaint as naming all of the above as Defendants.

---

[1] By prior Order, the Court ordered Plaintiff to file an amended complaint and directed that it would supersede the original complaint (DN 8).

Plaintiff alleges violations of his rights under the Eighth and Fourteenth Amendments, as well as medical malpractice/negligence which have "left Plaintiff's health to deterioate to the point of totally bedfast." He states, "Plaintiff has developed innmuerable bed sores/pressure sores from not being moved, rotated or taken from bed on a regular basis. Complaints have gone and yet go unresponded to, or at the most in an untimely manner." He also states, "Plaintiff suffers from uncontrolled diabetes and hypertension as well as muscle arophy from lack of any scheduled physical therapy."

Plaintiff states that he is housed in the KSR "Nursing Facility." He provides a list of "some specific incidents, not all inclusive, but as primary and documented incidents that are examples of what has happened and continues to happen." He enumerates thirty dates between April 16, 2023, and July 27, 2023, and makes allegations concerning each date. The Court will address the allegations concerning his medical treatment below. Plaintiff additionally alleges violation of his right to due process, also addressed below.

As relief, Plaintiff requests compensatory and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. Official-capacity claims

Plaintiff identifies all Defendants as employees of either KDOC or KSR. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for all relief claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. For these reasons, Plaintiff's claims against all Defendants in their official capacities must be dismissed for failure to

state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

### B. Individual-capacity claims

### 1. Eighth Amendment

An Eighth Amendment claim for deliberate indifference to a serious medical need has both an objective and a subjective component. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). To meet the objective component, the plaintiff must show that the medical need is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For purposes of this initial review, the Court will presume that Plaintiff's health issues which require him to be housed in the KSR Nursing Facility present sufficiently serious medical needs to meet the objective component.

The subjective component of the Eighth Amendment standard is met "where a plaintiff demonstrates that prison officials acted with 'deliberate indifference' to a serious medical need," which "is the equivalent of 'recklessly disregarding that risk.'" *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008) (quoting *Farmer*, 511 U.S. at 836)). "[S]atisfying the subjective component 'ensures that the defendant prison official acted with a sufficiently culpable state of mind.'" *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)). Under the subjective prong, a plaintiff must show that (1) "the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner"; (2) the official "did in fact draw the inference"; and (3) the official "then disregarded that risk." *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014).

In assessing the subjective component of the deliberate indifference standard, the Court "must evaluate each defendant individually because we generally do not impute knowledge from one defendant to another." *Speers v. Cnty. of Berrien*, 196 F. App'x 390, 394 (6th Cir. 2006).

4

Therefore, the Court will address the allegations against each Defendant to determine whether Plaintiff alleges facts to support a deliberate indifference claim against each one.  Plaintiff references a specific staff member in connections with the majority of the incidents he lists.

### a. Defendant Powell

With regard to Defendant Powell, Plaintiff alleges as follows:

> [] 4/17/23- Pain in shoulder so severe, feel like passing out; can't lift arm, can only hold up for a few seconds.  Involuntary jerking/spasms of both arms when attempting to use, i.e. trying to drink jerks so hard it spills.  Pain in neck, can't turn head.  (Marcy Powell RN)

> [] 4/18/23-- Continued symptoms from 4/17, has put in sick call request x4.  Was told by Marcy she didn't have time to get to them but his concerns would be addressed at a fture scheduled outside medical treatment.  (Marcy Powell)

Upon consideration, <u>the Court will allow Plaintiff's claims for deliberate indifference to serious medical needs and negligence to proceed against Defendant Powell in her individual capacity</u>.[2]  In allowing the claims to proceed, the Court passes no judgment on their merit or ultimate outcome.

### b. Defendant Huff

With regard to Defendant Huff, Plaintiff asserts, "[] 4/19/23 - Made to move rooms for no specified reason, this is done frquently with no practical reason causing unnecessary pain and suffering; moving for the sake of moving.  (Jamie Huff, CUAII)"  Upon review, the Court finds

---

[2] To the extent Defendant Powell is not actually employed by KSR but is employed by Wellpath, or another entity which contracts with the KDOC to provide medical services to inmates, the liability of a contracted private entity must be based on a policy or custom of the entity.  *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996); *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).  To state a claim against a contracted entity, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983.  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).  Plaintiff does not allege that Defendant Powell denied him treatment pursuant to a policy or custom of any contracted medical provider.  Therefore, if Defendant Powell is actually employed by Wellpath, the official-capacity claim against her would still fail to state a claim.

that the allegations are too vague, conclusory, and lacking in factual specificity to satisfy the subjective prong of an Eighth Amendment claim.  *See Iqbal*, 556 U.S. at 678 (complaint not sufficient "'if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557).  Plaintiff fails to allege facts to support an inference that Defendant Huff was aware of a substantial risk to Plaintiff in having him moved or that he deliberately disregarded that risk.  Therefore, the claim against Defendant Huff will be dismissed for failure to state a claim upon which relief may be granted.

### c. Defendant Bales

With regard to Defendant Bales, Plaintiff states as follows:

[] 4/20/23 - When move made on 4/19, staff facilitated a bad ankle injury.  No x-ray was taken or ordered.  (Kim Bales, RN)

[] 5/24/23 - Nausea and vomiting after insulin administration.  Not addressed.  (Bales)

[] 5/29/23 - Another complaint of testicular and flank pain; undocumented evaluation; no referral; clinical urinalysis conducted but results unreported.  (Bales)

Upon review, the Court will allow Plaintiff's claims for deliberate indifference to serious medical needs and negligence to proceed against Defendant Bales in her individual capacity.[3]  In allowing the claims to proceed, the Court passes no judgment on their merit or ultimate outcome.

### d. Defendant Tingle

In regard to Defendant Tingle, Plaintiff asserts, "[] 5/3/23 - Chest pain inadequately responded to.  (Alissa Lovely, RN;[4] Randall Tingle, NP)."  While the Court has a duty to construe

---

[3] If Defendant Bales is not actually employed by KSR but employed by Wellpath, the official-capacity claim against her would still fail since Plaintiff does not allege that Defendant Bales denied him treatment pursuant to a policy or custom of Wellpath.  *See Searcy*, 38 F.3d at 286.

[4] Lovely is not named as a Defendant in the amended complaint.  Plaintiff also later makes an allegation against a medical provider named Byrd but does not name that individual as a Defendant in the amended complaint.  Therefore, the Court does not construe the amended complaint as alleging claims against Lovely or Byrd.

*pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing each Defendant with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  To state a claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  The pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citations omitted)).

Plaintiff's allegation concerning Defendant Tingle is too vague and conclusory to meet the subjective component of an Eighth Amendment claim.  This claim must also be dismissed for failure to state a claim upon which relief may be granted.

### *e. Defendant Mills*

As to Defendant Mills, Plaintiff alleges the following:

[] 5/19/23 - Multifocal complaints of pain.  Current meds ineffective.  Referenced a new prescription; "plan" excluded any reference or request to see primary provider; staff was to be notified with any change in status, which was what Plaintiff was attempting to do.  (Tammy Mills, RN)

[] 5/19/23 - Separate request for nausea and vomitting.  Encounter note essentially devoid of entry assessment concerning complaint, no definitive plan or treatement. (Mills)

[] 5/19/23 - Supplemental eval notes of pain complaining of more descriptive but bottom line there was total disregard.  (Mills)

[] 5/23/23 - Continued complaint of pain; minimal documentation.  It was suggested Plaintiff take OTC meds which meds were actually contraindicated by current standing diagnoses; told to return to sick call if worsens or go to canteen. Additional complaint of testicular pain with incomplete clinical documentation of event; continued to order Ibuprofen, which, again, is contrainidicated; no clinical dip stick urinalysis or labs ordered.  (Mills)

Plaintiff fails to allege what specific action was taken by Defendant Mills to violate his rights. Moreover, in *Alspaugh v. McConnell*, 643 F.3d 162 (6th Cir. 2011), the Sixth Circuit held as follows:

> In evaluating a deliberate indifference claim, "[w]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id*. However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id*.

*Id*. at 169. Thus, mere disagreement over medical treatment between an inmate and prison medical personnel cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996). An inmate's disagreement with medical staff over the proper medical treatment "alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim." *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) (citations omitted). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Plaintiff's allegations referencing Defendant Mills make clear that he received treatment from her but he believes the treatment he received was ineffective. The allegations amount to a disagreement with the treatment he received, which does not amount to a constitutional violation. With regard to Plaintiff's allegation that Defendant Mills recommended medication that Plaintiff believed was "contraindicated," the weighing of the risks and benefits of a medication is the type of medical judgment by a prison medical provider that the Court will not second guess. *Westlake*, 537 F.3d at 860 n.5; *see also Hall v. Tyszkiewicz*, 28 F. App'x 493, 495 (6th Cir. 2002) ("Hall's disagreement with the defendants' medical judgment concerning the proper medication and

medical aids for his condition does not evidence deliberate indifference.").  Plaintiff's allegations may give rise to a negligence claim, but they do not meet the subjective component for stating a claim of deliberate indifference to serious medical needs under the Eighth Amendment.

### f. Defendant Adams

As to Defendant Adams, Plaintiff alleges, "[] 5/26/23 - Follow up for 5/23 complaint, was told staff would be notified; c/o continued multifocal aches and pains; no evidence or documentation of referral or attention provided.  (Lonnie Adams RN).  [] 5/26/2023 - Staff Shortage issue documented - common.  (Adams)"  These allegations are conclusory and do not specify any action on the part of Defendant Adams to meet the subjective component of a deliberate indifference claim.  Therefore, the allegations will be dismissed for failure to state a claim upon which relief may be granted.

### g. Defendant Harper

With regard to Defendant Harper, Plaintiff asserts, "[] 6/1/23 - Pain and decreased range of motion of right elbow; described neuropathy in arm; no referral or plan.  (Regina Harper, RN)." The Court finds that Plaintiff's allegation concerning Defendant Harper amounts to a disagreement with the treatment he received.  He was seen by Defendant Harper, a nurse, but he believes the treatment he received was ineffective.  The allegations do not meet the subjective component for stating a deliberate indifference claim and must be dismissed for failure to state a claim upon which relief may be granted.

### h. Defendant Fortwengler

As to Defendant Fortwengler, Plaintiff's only allegation is "[] 6/2/23 - Documented indifference by provider.  (Fortwengler, MD)."  This allegation is conclusory and provides no facts

to meet the subjective component of an Eighth Amendment claim. The claim against her must be dismissed for failure to state a claim.

### i. Defendants Lyons and Snawder

As to Defendants Lyons and Snawder, Plaintiff asserts, "[] 6/9/23 - Seen by NP Christina Lyons and AHSA Danielle Snawder at request by Regional Health Care Manager, Dawn Patterson responding to Plaintiff's complaints of health care. Constant disregard of patients as 'patients' but inclined to he being treated as hostile 'inmate,' refusing his complaints. (Lyons)." Again, the allegations are conclusory. Plaintiff states no specific action taken by Defendant Lyons or Snawder that would meet the subjective component. These claims must be dismissed for failure to state a claim.

### j. Defendant Robinson

With regard to Defendant Robinson, Plaintiff's only allegation is "[] 6/19/23 - Complain of abdominal pain, constipation for many days at a time. Staff complacent. (Robinson, RN)." The allegation is conclusory and does not specify any action on the part of Defendant Robinson to meet the subjective component. Therefore, the allegation will be dismissed for failure to state a claim upon which relief may be granted.

### k. Other allegations

Plaintiff makes the following allegations, but he does not allege which, if any, of the Defendants are responsible:

> Plaintiff has developed innmuerable bed sores/pressure sores from not being moved, rotated or taken from bed on a regular basis. Complaints have gone and yet go unresponded to, or at the most in an untimely manner. Plaintiff suffers from uncontrolled diabetes and hypertension as well as muscle arophy from lack of any scheduled physical therapy. . . .
>
> [] 4/16/23 - Call light inaccessible, must yell all night until someone comes. . . .

[] 4/23/23 - New pressure injury to right heel.  No follow up [] or treatment documented until 5/17. . . .

[] 5/23/23 - Sick call slips for above. . . .

[] 6/16/23 - Staff shortage in that Plaintiff was not gotten up until the end of the day.  He will often lay several hours and recently there have been days at a time that staff is not available to get the invalids out of bed or even attend to their daily needs. . . .

[] 6/20/23 - Inadequate staffing.

[] 6/22/23 - Not getting prescribed medication.

[] 6/23/23 -Repeated pain in both arms and abdominal pain insufficiently addressed.

[] 6/27/23 - Continued unaddressed multifocal pain untreated.

[] 6/28/23 - Complaint of no bowel movements in days with continued abdominal and back pain.

[] 7/9/23 - Continued right arm pain and atrophy. . . .

[] 7/22/23 - Neuropathic pain medications not working, trial period over per provider, returning for something else, no action taken.

[] 7/27/23 - Negligence, staff shortage, wanted back in bed, left unattended in chair, action taken to force immediate staff intervention; eventually given a disciplinary report for the action.

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).  A plaintiff "must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012).  Because the above allegations do not specify which Defendant, if any, took the actions, the claims must be dismissed for failure

to state a claim upon which relief may be granted. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of § 1983 claim for or failure to state a claim against defendants in their individual capacity where plaintiff did not allege which of the named defendants were personally responsible for the alleged violations of his rights); *Lister v. Allen Oakwood Corr. Inst.*, No. 3:19-cv-1583, 2020 U.S. Dist. LEXIS 40093, at *7-8 (N.D. Ohio Mar. 9, 2020) (dismissing claims where the plaintiff generically alleged unconstitutional actions were committed by "Defendants" or "they" for failure to specify which defendant or defendants violated the plaintiff's rights).

### *l. Opportunity to amend*

Before dismissing Plaintiff's claims for deliberate indifference to serious medical needs for the reasons stated above, the Court will allow Plaintiff to file a second amended complaint to sue the individuals who he alleges denied him treatment and to state specifically how he alleges each denied him treatment. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

### 2. Fourteenth Amendment

Plaintiff also states as follows:

> Furthermore, due process Rights under 14th Amendment protection were violated concerning prison disciplinary procedures when they were conducted violative of [] Federal Mandate, to wit, Consent Decree.  No less than five (5) Disciplinary reports were issued from December 2022 through August 2023 and Adjustment procedure consisted of the use of only an Adjustment Hearing Officer.

Plaintiff fails to specify which of the named Defendants, if any, took action to violate his right to due process, and the allegations can be dismissed on this basis. *See Frazier*, 41 F. App'x at 764.  However, Plaintiff sues Defendant Howard, whom he alleges is an Adjustment Officer.

The Court broadly construes the complaint as alleging a Fourteenth Amendment claim against Defendant Howard.

To state a Fourteenth Amendment due process claim, an inmate must allege a deprivation of a liberty interest protected by the Due Process Clause. In *Sandin v. Conner*, the Supreme Court found that a prisoner is entitled to due process when a sanction "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 15 U.S. 472, 484, 486-87 (1995). Plaintiff does not state what sanction, if any, resulted from the disciplinary proceedings. The allegations, therefore, are too vague and conclusory to allege that the actions meet the standard for a due process violation and can be dismissed on this basis.

However, to the extent Plaintiff's disciplinary proceedings resulted in him receiving disciplinary segregation, the law is clear that inmates have no constitutional right to be incarcerated in any particular institution, a particular part of an institution, or a particular security classification, unless the state has created a liberty interest in remaining at a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Beard v. Livesay*, 798 F.2d 847, 876 (6th Cir. 1986). This is not the case in Kentucky where classification, segregation, and transfer of prisoners are within the discretion of KDOC. *See* Ky. Rev. Stat. § 197.065. Therefore, Plaintiff's due process claim based on placement in segregation fails to state a claim.

Furthermore, to the extent the disciplinary proceedings resulted in a loss of good-time credit, the claim is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must first establish that his "conviction

or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a . . . tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486 (footnote omitted). The favorable-termination requirement of *Heck* applies to prisoner allegations of due process violations in prison disciplinary hearings that result in the deprivation of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The *Heck* and *Edwards* bar applies no matter the relief sought—damages or injunctive relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Plaintiff gives no indication that any disciplinary conviction was reversed on appeal or otherwise invalidated. Thus, a due process claim based on loss of good-time credit would be dismissed for failure to state a claim.

As to Plaintiff's reference to a violation of a consent decree, he does not identify what consent decree or case to which he is referring. However, a consent decree is "fact specific and contains no general grant of rights to all Kentucky inmates." *Kendrick v. Bland*, No. 91-5147, 1991 U.S. App. LEXIS 21952, at *2 (6th Cir. Sept. 12, 1991). The violation of an inmate's personal rights is properly asserted by filing a civil rights suit, not through a claim for violation of a consent decree. *Kendrick v. Bland*, 931 F.2d 421, 423 (6th Cir. 1991) ("Unfortunately there will often be individual violations of prison policy, but those do not constitute contempt on the part of the prison system, and are better addressed in alternative ways, such as through the prison grievance system or individual civil rights cases.").

For these reasons, Plaintiff's Fourteenth Amendment due process claim against Defendant Howard will be dismissed for failure to state a claim upon which relief may be granted.

### 3. Defendants Crews and Valentine

Finally, Plaintiff sues Defendants Crews and Valentine, but the amended complaint alleges no specific action by either Defendant. To state a claim, "a plaintiff must plead that each

14

Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability."  *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005).  "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate."  *Bellamy*, 729 F.2d at 421.  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Plaintiff does not allege that Defendant Crews or Valentine was personally involved in the violation of his rights.  His allegations against them are presumably based on their supervisory authority over other personnel.   Therefore, Plaintiff's individual-capacity claims against Defendants Crews and Valentine will be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against all Defendants in their official capacities; his claims under the Eighth Amendment against all Defendants with the exception of Defendants Powell and Bales; his claim under the Fourteenth Amendment against Defendant Howard; and his

15

claims against Defendants Crews and Valentine are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

The Clerk of Court is **DIRECTED to add Defendants Marcy Powell and Kim Bales to the docket sheet**.[5]

**IT IS FURTHER ORDERED** that **on or before <u>July 5, 2024</u>**, Plaintiff shall file a second amended complaint in accordance with the instructions above.

The Clerk of Court is **DIRECTED** to place this case number and words "Second Amended" on a § 1983 complaint form and send it to Plaintiff.

The Court will enter a Service and Scheduling Order after Plaintiff files a second amended complaint or after the deadline for doing so expires.

Date:   June 5, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendant Powell and Bales
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.010

---

[5] The amended complaint lists other Defendants that are not listed in the docket sheet.  Since claims will not proceed against the other Defendants, the Court will not direct the Clerk to add the other listed Defendants to the docket sheet.

16